Filed 11/10/22  P. v. Martinez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  NOAVA MICHELLE MARTINEZ,  Defendant and Appellant. | D080719  (Super. Ct. No. INF045974) |

APPEAL from an order of the Superior Court of Riverside County, Samuel Diaz, Jr., Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Noava Michelle Martinez of murder (Pen. Code,[1] § 187, subd. (a)); evading police with reckless driving (Veh. Code, § 2800.2); and six counts of assault on a peace officer with a firearm (§ 245,

---

1       All further statutory references are to the Penal Code unless otherwise specified.

subd. (d)(2)).  Martinez admitted three prison priors (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)).  Martinez was sentenced to a determinate term of 40 years and four months, to be followed by an indeterminate term of 30 years to life.

In February 2022, Martinez filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6).  The trial court appointed counsel, reviewed the record, and held a brief hearing.  The court concluded Martinez was the actual killer who drove the car causing the victim's death.  The court denied the petition for failure to state a prima facie case for relief under the statute.

Martinez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Martinez the opportunity to file her own brief on appeal, but she has not responded.

STATEMENT OF FACTS

Appellate counsel has provided a statement of facts from the probation officer's report.  We think the summary is helpful to provide background for the trial court's rather brief explanation of its reasons for concluding Martinez was the actual killer.  We will adopt the statement of facts as it is set forth in the opening brief.

"On November 21, 2003, at approximately 2:15 p.m., the Sheriff's Department Career Criminal Apprehension Team (CCAT) began surveillance on Michael Sanchez, who was a suspect in a carjacking.  Sanchez had been observed in the passenger seat of a vehicle as it drove past a CCAT member who was patrolling in the city of Desert Hot Springs.  The vehicle was

followed to 17900 Manzana Road and members of the CCAT established a perimeter on the house. Sanchez was seen exiting the vehicle and entering the house.

"As CCAT members watched, a Ford Escort arrived at the house. Minutes later, Sanchez was observed exiting the house, getting into the Escort and lying down in the back seat. A female, later identified as Noava Martinez, the defendant, also exited the house and got into the Escort in the driver's side. She drove the car from in front of the house and headed southbound on 18th Avenue toward Palm Drive. CCAT members followed the vehicle at a discrete distance while they called for additional officers.

"After she left the house on Manzana, Martinez, driving in what appeared to be an aimless manner, proceeded south on Palm Drive to Interstate 10. She drove west on Interstate 10 until reaching Highway 62 and headed north. She left the highway, using a combination of dirt roads and paved streets, and eventually ended up on Indian Avenue headed north. At 2:37 p.m., with additional law enforcement units in place, a Sheriff's Deputy attempted a traffic stop. Martinez sped away and a pursuit ensued.

"As Martinez drove east on Dillon Road toward Two Bunch Palms Road, deputies involved in the chase reported Sanchez was firing a handgun at them from the back seat of the vehicle. Martinez attempted to turn into a parking lot of Desert Springs Middle School, located on Two Bunch Palms Road east of Palm Drive, but was unable to make the turn. Two deputies stopped their patrol cars directly behind Martinez and attempted to make contact. Sanchez leaned out of the passenger window of the vehicle with a handgun pointed in the direction of the deputies. Fearing for their safety, the deputies' fired several rounds into the vehicle. Sanchez fired one round,

3

striking one of the deputies' vehicles. Martinez sped away, headed westbound on Two Bunch Palms Road with the deputies in pursuit.

"Martinez, traveling at a high rate of speed, turned south on Palm Drive, east on Camino Idillio, then south on Avenida Manzana. As she approached the intersection of Manzana and Dillon, a Honda Civic, driven by Scott [N.], with the victim, Delonn [A.], age 49, as his passenger, entered the intersection traveling west and was struck broadside by Martinez. The force of the impact carried both vehicles into a vacant lot on the southwest corner of Dillon Road and Avenida Manzana.

"Sanchez exited the vehicle and fled on foot. He was eventually captured and subsequently suffered a cardiac arrest. He was declared dead, despite receiving treatment from California Department of Forestry personnel summoned to the scene. Martinez was unconscious and bleeding from injuries sustained in the accident. She was transported to Desert Regional Medical Center. An examination of the Escort revealed a handgun lying on the driver's side floorboard.

"[Scott] and [Delonn] were removed from the Honda Civic and transported to Desert Regional Hospital. [Scott]'s injuries were not serious but [Delonn] was declared dead upon arrival at the emergency room. According to the Coroner's report, she suffered massive blunt force trauma. Her injuries included fractured ribs and lacerations to her lung, liver, spleen and aorta.

"Sheriff's Investigator Gary LeClair interviewed Martinez at the hospital. At first, she misidentified herself as Tanya Benavidez. She reported having no arrest record and denied she was on parole or probation. In addition, Martinez informed LeClair she could not recall events leading up to the accident and refused to admit having a relationship with Sanchez.

4

"Martinez changed her story and reported she had smoked marijuana and methamphetamine while at the house on Avenida Manzana and left in her cousin's vehicle. She would not admit Sanchez was in the vehicle with her and asked about him repeatedly. When pressured, Martinez acknowledged Sanchez was in the vehicle with her but claimed she was frightened because people in SUVs were chasing her. She denied knowing the police were trying to get her to stop.

"LeClair advised Martinez to be truthful and she finally admitted her identity. She was able to provide LeClair with her social security number, her California identification card number and her Department of Corrections identification numbers without delay. Martinez stated she and Sanchez were fleeing in an attempt to avoid arrest.

"Martinez reported she was wanted for violating her parole. She believed the people following them were plain clothes police officers. She knew Sanchez carried a gun and saw him firing it out the window. Martinez claimed she heard the sirens but did not see any flashing lights or police vehicles. When asked if she felt her actions had created a dangerous situation, Martinez stated she believed everyone involved was endangered."

## DISCUSSION[2]

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in refusing to resentence Martinez under section 1172.6.

---

[2] Appellant's request for judicial notice, is granted.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Martinez on this appeal.

## DISPOSITION

The order denying Martinez's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.